# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| EDWON K. JULIAN, ) | |
| ID # 1960750, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:16-CV-2810-K (BH) |
| ) | |
| LORIE DAVIS, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondents. ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** as barred by the statute of limitations.

## I. BACKGROUND

Edwon K. Julian (Petitioner) challenges his conviction for cruelty to animals. The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent).

### A.     Procedural History

On August 8, 2012, the State of Texas indicted Petitioner for cruelty to animals in Cause No. F12-45796. (Doc. 16-1 at 9.)[1] He pleaded not guilty and was tried before a jury in the 292nd Judicial District Court of Dallas County, Texas. On June 27, 2013, the jury convicted him, and he was sentenced to 10 years' imprisonment. (*Id*. at 116.) The judgment was affirmed on appeal. *See Julian v. State*, No. 05-13-00913-CR, 2014 WL 3587387 (Tex. App. – Dallas July 21, 2014). He did not file a petition for discretionary review. (Doc. 3 at 3); *see* www.txcourts.gov (search for

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Petitioner).

Petitioner's state habeas application was signed on February 24, 2015, and received by the state court on March 10, 2015. (Doc. 16-17 at 4, 20.) It was denied without written order on April 15, 2015. (Doc. 16-16); *see Ex parte Julian*, WR-83,079-01 (Tex. Crim. App. Apr. 15, 2015).

**B.    Substantive Claims**

Petitioner's federal petition and amended petition raise the following grounds:

(1)    The evidence was insufficient to support the conviction;

(2)    Trial counsel was ineffective for failing to:

    (a) investigate the crime scene and 911 call;

    (b) ask an animal control officer about the nature of the animal's injuries;

    (c) obtain an expert to examine the animal;

    (d) move for a dismissal or instructed verdict;

(3)    Appellate counsel was ineffective for communicating with him only once, for not raising other issues, and for not requesting oral argument.

(*See* docs. 3, 4, 20.) Respondent contends that the petition is barred by the statute of limitations. (*See* docs. 17, 22.)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

A.  **Calculation of One-Year Period**

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

Here, the factual predicate for Petitioner's claims either became known or could have become known prior to the date his judgment became final.[2] He did not file a petition for discretionary review with the Court of Criminal Appeals. His state conviction therefore became final for purposes of § 2244(d) by the expiration of the thirty-day period for filing a petition for discretionary review after his conviction was affirmed on direct appeal. *See Roberts v. Cockrell*, 319 F.3d 690, 694 n.24 (5th Cir. 2003) (under Tex. R. App. P. 68.2 a party has thirty days to file a petition for discretionary review). The appellate court opinion was issued on July 21, 2014. The thirtieth day after that was August 20, 2014. He had until August 20, 2015, to file his federal habeas petition, absent any tolling of the statute of limitations.

---

[2] He has not alleged a state-created impediment that prevented him from filing his federal petition or any new constitutional right.

B.    **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner's state habeas application was signed and deemed mailed on February 24, 2015, and it was denied on April 15, 2015. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (pro se prisoner's state habeas application is constructively filed for purposes of AEDPA when the prisoner delivers the papers to prison authorities for mailing to the district court). The limitations period was tolled for 51 days while the state application was pending, so the § 2254 petition was due no later than October 10, 2015. Because October 10, 2015, was a Saturday, the petition was due on Monday, October 12, 2015. *See* Fed. R. Civ. P. Rule 6(a)(1)(C) (if the last day of a period falls on a Saturday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday). Petitioner filed his § 2254 petition on September 27, 2016, the date that it was mailed.[3] It is therefore untimely.

C.    **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298

---

[3] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

4

(5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Petitioner contends that when he was transferred from the Gurney Unit to the Ramsey Unit, his legal papers from the trial and appeal were lost or destroyed. (Docs. 3 at 11; 20 at 2.) Although he asserts that it occurred in March 2015, he also states that it occurred six months before he filed his federal petition in September 2016, which was approximately March 2016. (Doc. 3 at 11.) TDCJ records show that he was transferred from the Gurney Unit to the Ramsey Unit between January and February 2016. (Doc. 22-1 at 2.) He states that he received copies of legal papers from his state case shortly before he filed his amended petition in March 2017. (Doc. 20 at 2.) It appears that Petitioner is seeking equitable tolling because his legal papers were lost or destroyed around March 2016.

Petitioner is not entitled to equitable tolling. If his legal papers were lost or destroyed in

March 2016, the limitations period had already expired, so that is not a basis for equitable tolling. If his legal papers were lost or destroyed in March 2015, he does not explain why he was unable to file a federal petition before October 12, 2015, since he has not shown that he could not have filed a federal petition without his legal papers. He has not shown he is entitled to equitable tolling.

## III. RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED on this 9th day of November, 2017.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE